NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 1 8 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA § 
 §
VS. § NO. 4:14-CV-232-A
 § (NO. 4:12-CR-048-A)
JONOTHAN GONZALEZ-CORTEZ §
 §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jonothan Gonzalez-
Cortez ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set
aside, or correct sentence. Having reviewed the motion and
accompanying memorandum of law, the record, the government's
response, movant's reply, and applicable legal authorities, the
court concludes that the motion should be denied.

I.

Background

On May 5, 2012, movant pleaded guilty to illegal reentry
after deportation, in violation of 8 U.S.C. § 1326. On August
24, 2012, the court sentenced movant to a term of imprisonment of
87 months, to be followed by a three-year term of supervised
release. Movant appealed, but his attorney moved for leave to
withdraw under Anders v. California, 386 U.S. 738 (1967),
contending that there were no nonfrivolous issues for appellate

review.   Prior to the disposition of his appeal, movant filed a motion under 28 U.S.C. § 2255, which the court dismissed without prejudice.   The Fifth Circuit dismissed movant's appeal, and he did not seek certiorari review.  United States v. Gonzalez-Cortez, 538 Fed. App'x 592 (5th Cir. 2013).   Movant timely filed the instant § 2255 motion on April 3, 2014.

## II.

## Grounds of the Motion

Movant asserts a variety of issues in his motion, which the court has grouped into seven categories:  (1) errors in sentencing calculation;  (2) ineffective assistance of counsel;  (3) fast track program;  (4) involuntary plea;  (5) due process and equal protection violations;  and (6) errors in imposing supervised release.

## III.

## Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982);  United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).   A defendant can challenge his conviction or sentence after it is presumed

2

final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

B.   Sentencing Calculation Claims

Movant identifies several errors he believes were made in the calculation of his sentence under the sentencing guidelines:

- the court failed to consider the nature and circumstances of his prior convictions, including his age at the time of those offenses;

- the court failed to consider the sentencing factors with respect to his prior convictions;

- his prior convictions were unconstitutionally obtained;

- his prior convictions were overstated and "over aggregated and improvidently adjudicated and not

serious felonies," Memo. in Support of § 2255 at 6;

- he was actually innocent of the prior convictions;

- the court should have applied the Supreme Court decisions of United States v. Descamps, 133 S. Ct. 2276 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000), in evaluating the prior convictions; and

- his sentence is procedurally unreasonable because of "double counting," Memo. in Support of § 2255 at 7, of his prior offenses in his base offense level and criminal history score.

However, none of movant's claims of error in the calculation of his sentence are cognizable in a collateral proceeding. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and misapplications of the sentencing guidelines are not cognizable on collateral review. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

Further, movant's arugument that "double-counting" of his prior offenses renders his sentence unreasonable has been clearly rejected by the Fifth Circuit. See United States v. Castilleja-Olivo, 385 Fed. App'x 361, 362 (5th Cir. 2010) (per curiam) (citing United States v. Duarte, 569 F.3d 528, 529-31 (5th Cir.), cert. denied, ____ U.S. ____, 130 S. Ct. 378 (2009)).

4

Finally, movant failed to raise any of these issues on direct appeal and has provided no explanation for such failure.[1] Movant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." Shaid, 937 F.2d at 232 (quoting Frady, 456 U.S. at 168). Movant has shown neither. Therefore, each of movant's sentencing calculation claims must fail.

C.    Ineffective Assistance of Counsel Claims

Movant asserts that his counsel was ineffective by:

- failing to object at sentencing or request application of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010);

- "failing to submit the strongest argument or to subject the prosecution to an adversary process," Memo. in Support of § 2255 at 8.

- failing to consider movant's family situation and to request a downward departure for cultural assimilation;

- failing to object to sentencing calculation errors and to "an overall none variance sentence," id. at 11;

- failing to investigate Texas statutes and inspect records (raised in movant's reply); and

---

[1] The court notes that the decisions of United States v. Descamps, 133 S. Ct. 2276 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000), were issued before movant's appeal was dismissed by the Fifth Circuit. Therefore, those arguments were available to him and could have been raised at the time of his appeal.

- telling movant that he would get early disposition under the fast track program (raised in movant's reply).

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 697.  Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."  United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).

"The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (emphasis in orignal) (quoting Strickland, 466 U.S. at 686).  In the context of a guilty plea, prejudice requires movant to show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

    1.   First Claim

    Movant first claims that his counsel was ineffective for failing "to object at sentencing or request this Honorable Court to apply Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, 177 L.Ed. 2d 68 (2010)." Memo. in Support of § 2255 at 4.  Carachuri-Rosendo held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2)." Carachuri-Rosendo v. Holder, 560 U.S. 563, 582 (2010).  Movant has failed to show how such a holding has any applicability to his case, and it is well established that the failure to make a frivolous or meritless objection cannot constitute ineffective assistance of counsel. See United States v. Preston, 209 F.3d 783, 785 (5th Cir. 2000). Further, movant does not explain how an argument based on Carachuri-Rosendo would have made any difference to the outcome of his sentencing proceeding.

Accordingly, movant's claim fails to establish that his counsel's assistance was ineffective.

    2.   <u>Second Claim</u>

Movant next claims that his counsel "abandoned him at sentencing by failing to submit the strongest argument or to subject the prosecution to an adversary process," Memo. in Support of § 2255 at 8.  However, movant does not explain what arguments he believes should have been made or in what ways his counsel failed to subject the government's case to an adversary process.  Because conclusory allegations are insufficient to establish ineffective assistance of counsel, movant's claim fails.  See <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

    3.   <u>Third Claim</u>

Movant asserts that his counsel was ineffective for failing to consider movant's family situation and failing to request a downward departure for cultural assimilation.  However, in the objections to the presentence report, movant's attorney did argue for a downward departure based on cultural assimilation.  Def.'s Sent. Memo. at 1-2.  Further, at movant's sentencing, movant's attorney asked for "a sentence even below the guideline range . . . based on Mr. Gonzalez-Cortez's cultural ties to the community."  Sent. Tr. at 6.  Movant's counsel asserted that although "perhaps he may not meet every requirement in the departure provision, . . .

. the majority of factors do cut in his favor." Sent. Tr. at 6;
see also Def.'s Sent. Memo. at 2.  Movant offers no additional
facts to support a downward departure based on cultural
assimilation and does not explain what else he believes his
attorney should have argued on that issue.  Therefore, movant's
claim is insufficient to show ineffective assistance of counsel.
See Miller, 200 F.3d at 282.

    4.  Fourth Claim

    Movant next faults his attorney for failing to object to
sentencing "calculation error(s) and an overall none variance
sentence."  Memo. in Support of § 2255 at 11.  Movant does not
identify what objections, other than one to "an overall none
variance sentence," his counsel should have raised.  Id.  Movant
also fails to explain how the outcome of his sentencing
proceeding would have been any different had his counsel made any
further objections to the sentencing calculations, including the
one objection he suggests.  Therefore, movant has failed to meet
the Strickland standard and has not shown that his counsel's
assistance was ineffective.  See Harrington, 131 S. Ct. at 792
("Strickland asks whether it is 'reasonably likely' the result
would have been different. . . . The likelihood of a different
result must be substantial, not just conceivable."); Miller, 200
F.3d at 282 ("This Court has made clear that conclusory

allegations of ineffective assistance of counsel do not raise a

constitutional issue in a federal habeas proceeding.").

    5.  <u>Fifth Claim</u>

Movant's fifth claim for ineffective assistance of counsel,

which he raises in his reply, is that his counsel failed to

"investigate Texas statutes and fail[ed] to inspect records."

Reply at 8.  However, movant does not state which statutes he

believes his counsel should have investigated or why.  Even

assuming that movant is referring to the statutes and records

underlying his prior convictions for burglary of a habitation,

which movant addressed at length in his memorandum in support of

his motion, movant fails to explain what his counsel would have

uncovered through such an investigation and what difference it

would have made to the outcome of the sentencing proceeding or to

movant's decision to plead guilty.  Therefore, movant has failed

to show ineffective assistance of counsel.  See <u>Hill</u>, 474 U.S. at

59 ("[W]here the alleged error of counsel is a failure to

investigate or discover potentially exculpatory evidence, the

determination whether the error 'prejudiced' the defendant by

causing him to plead guilty rather than go to trial will depend

on the likelihood that discovery of the evidence would have led

counsel to change his recommendation as to the plea."); <u>United</u>

<u>States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant

who alleges a failure to investigate on the part of his counsel
must allege with specificity what the investigation would have
revealed and how it would have altered the outcome of the
trial.").

    6.   <u>Sixth Claim</u>

Movant finally claims, in his reply, that his counsel was
ineffective by telling movant that he would get early disposition
under the fast track program.  However, movant does not allege
that had his counsel properly informed him about the fast track
program, he would not have pleaded guilty, but would have
insisted on going to trial.  Therefore, regardless of whether his
counsel's actions fell below an objective standard of
reasonableness, movant has not established ineffective assistance
of counsel because he has failed to show that he was prejudiced
by such actions.  <u>See</u> <u>Hill</u>, 474 U.S. at 60.

D.   <u>Fast Track Program Claim</u>

Movant claims that he should have been afforded an
opportunity to participate in a fast track early disposition
program.  However, even assuming that such a program was
available to movant, "a defendant is not automatically entitled
to the benefits of the program." <u>United States v. Gomez-Herrera</u>,
523 F.3d 554, 561 (5th Cir. 2008).  Rather, "[t]he government's
decision to offer a fast track plea offer is no different from

11

the Attorney General's prosecutorial discretion regarding whether to prosecute, what charge to file, whether to offer a plea agreement, etc.  These are areas generally left entirely to the prosecutor's discretion."  Id.  Under the fast track program and the policy stated by the Department of Justice on January 31, 2012, the United States Attorney has the discretion to limit or deny a particular defendant's participation in a fast track program based on a number of factors, including the defendant's criminal history.  See Dept. Policy on Early Disposition or "Fast-Track Programs," dated Jan. 31, 2012, available at http://www.justice.gov/dag/fast-track-program.pdf.

    Although movant asserts several vague arguments regarding "the fairness of limiting the Category VI and 'serious violent felony' defendants to a maximum departure of two-levels," bringing "Federal Sentencing in conformity to equal value with 18 U.S.C. § 3553(a)(1) and § 3553(a)(6)," and "adhering to the rudimentary Fifth Amendment Rights of all Immigration related defendants," movant gives no clear reason why he should have been offered an opportunity to participate in a fast track program, especially in light of his substantial criminal history.  Memo. in Support of § 2255 at 9-10.

    Further, movant failed to raise this issue on direct appeal, and he has shown no cause for such failure or actual prejudice

12

resulting from the error.  Accordingly, this claim must fail.
See <u>Shaid</u>, 937 F.2d at 232.

E.    <u>Invalid Plea</u>

Movant contends that his "plea was not knowingly or
otherwise unintelligibly made and the product of
misu[nd]erstanding as it was when this court entered a judgment
reflecting conviction under 8 U.S.C. § 1326(b)(1), § 1326(b)(2)."
Memo. in Support of § 2255 at 10.  Apparently, movant's claim is
based on his assertion that his prior convictions did not "meet
the definition of an aggravated felony under 8 U.S.C. §
1101(a)(43)," therefore making his guilty plea one that was "made
under duress and misrepresentation by Counsel."  <u>Id</u>.

"To be knowing and intelligent, the defendant must have 'a
full understanding of what the plea connotes and of its
consequence.'"  <u>United States v. Hernandez</u>, 234 F.3d 252, 255
(5th Cir. 2000) (quoting <u>Boykin v. Alabama</u>, 395 U.S. 238, 244
(1969)).  Specifically, "[t]he defendant need only understand the
direct consequences of the plea; he need not be made aware every
consequence that, absent a plea of guilty, would not otherwise
occur."  <u>Id.</u>  "The consequences of a guilty plea, with respect to
sentencing, mean only that the defendant must know the maximum
prison term and fine for the offense charged."  <u>United States v.
Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990) (quoting <u>United States</u>

13

v. Rivera, 898 F.2d 442, 447 (5th Cir.1990)) (internal quotation
marks omitted).  Therefore, "[a]s long as [the defendant]
understood the length of the time he might possibly receive, he
was fully aware of his plea's consequences."  Id. (alteration in
original) (quoting Rivera, 898 F.2d at 447) (internal quotation
marks omitted).

Here, movant clearly takes issue with the characterization
of his prior convictions for sentencing purposes.  However,
movant does not allege that he did not understand the direct
consequences of his decision to plead guilty, only that he did
not understand how his prior convictions would factor into his
sentencing calculation and that, apparently, his attorney failed
to adequately explain that to him.  A review of the record shows
that at movant's rearraignment hearing, the court advised movant
of the penalties he would be subject to by pleading guilty to the
offense of illegal reentry after deportation, including "a term
of imprisonment of 20 years . . .; plus, payment of a fine of
$250,000; plus, service of a term of supervised release . . .
that wouldn't be any more than 3 years . . . ; plus, . . . a
special assessment of $100."  Rearraignment Tr. at 13.  When
asked whether he understood that he would be subjecting himself
to all those penalties and punishments by pleading guilty, movant
answered, "Yes, sir."  Id. at 14.  The court also advised movant

14

that if he pleaded guilty but then ended up with a sentence that was more severe than he had hoped it would be, movant would still be bound by his guilty plea, and movant testified that he understood. Further, movant testified that no one had made any promises or assurances to him of any kind in an effort to induce him to enter a plea of guilty and that no one had mentally, physically, or in any other way attempted to force him to plead guilty.

A defendant's representations, as well as those of his attorney and the prosecutor, and any findings by the judge in accepting a plea of guilty, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) (citing Blackledge, 431 U.S. at 74). Movant has provided no facts and presented no evidence to show that, contrary to his assertions under oath, his plea of guilty was anything other than knowing and voluntary. His conclusory allegation that his plea was made under duress is likewise completely without factual support. See Matthew v. Johnson, 201 F.3d 353, 365 (5th Cir. 2000) ("The plea must be

15

entered 'voluntarily,' i.e., not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel.") (quoting <u>Brady v. United States</u>, 397 U.S. 742, 750 (1970).  Therefore, movant's claim fails.

F.    <u>Due Process and Equal Protection Claims</u>

Although it is difficult for the court to make out movant's exact claims of constitutional violations, movant apparently alleges violations of his due process and equal protection rights under the Fifth and Fourteenth Amendments.  Movant argues that "[i]llegal reentry described in 8 U.S.C. § 1326(a) and illegal reentry after a conviction of an aggravated felony described in 8 U.S.C. § 1326(b)(2), were separate criminal offenses and needs to be set in an indictment and include each element of a crime as charged."  Memo. in Support of § 2255 at 12.  Movant further asserts that recidivism is an element of the offense that must be proven to a jury beyond a reasonable doubt.

Movant's claims, which are comprised of little more than conclusory allegations and disjointed statements of constitutional law, are meritless.  Contrary to movant's assertion, his indictment clearly referenced violations of both 8

16

U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(1)/(2).   Further,

movant's recidivism argument is foreclosed because the Supreme

Court has specifically held that prior convictions under 8 U.S.C.

§ 1326(b)(2) do not need to be proven to a jury beyond a

reasonable doubt.   <u>Almendarez-Torres v. United States</u>, 523 U.S.

224, 235, 239-47 (1998); see <u>United States v.

Rodriguez-Montelongo</u>, 263 F.3d 429, 434-35 (5th Cir. 2001).

Therefore, movant's claims fail.

G.   <u>Supervised Release</u>

Movant asserts that a term of supervised release was not

warranted in his case.   Movant could have raised this claim on

direct appeal, but did not, and he offers no explanation for his

failure to do so.   Therefore, he may not raise it now.   <u>See

Shaid</u>, 937 F.2d at 232.   Further, movant's argument is without

merit.   Even in a case where a defendant is to be deported after

release from imprisonment, a term of supervised release may be

imposed as an additional sanction that might deter him from again

attempting to unlawfully reenter the United States.   <u>United

States v. Medina-Torres</u>, 370 Fed. App'x 554, 555 (5th Cir. 2010).

Also,   Accordingly, his claim fails.

Additionally, movant mentions that "Movant is already in

violation of his supervised release, when he is sentenced because

of failure to abide with 18 U.S.C. § 3583(f), as supervised

17

release is an abuse of discretion when Movant received no notice written or oral that he was subject to a standard condition." Memo. in Support of § 2255 at 16.  It is unclear whether movant is asserting that he did not receive notice of some condition of supervised release or he is simply making a statement of supposed law.  Regardless, though, movant failed to raise this issue on appeal and his conclusory allegation here must fail.

H.   Evidentiary Hearing

Finally, the court is denying movant's request for an evidentiary hearing on his § 2255 motion because the motion, files, and records of this case conclusively show that he is entitled to no relief.  See United States v. Cavitt, 550 F.3d 430, 442 (5th Cir. 2008).

IV.

Order

Therefore,

The court ORDERS that the motion of Jonothan Gonzalez-Cortez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

18

ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED June 18, 2014.

JOHN McBRYDE
United States District Judge